| | |
|---|---|
| In re: | Bky No. 25-60452 |
| Tracy Ashcroft, | Chapter 7 |
| Debtor. | |

## APPLICATION TO APPROVE VOLUNTARY PAYMENT OF ATTORNEY FEES

TO: Trustee; the United States Trustee and other parties in interest specified in Local Rule 9013.

1. Jeffrey J. Bursell ("Attorney"), attorney in this case, moves the Court for the approval of the post-petition fee agreement.

2. This court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334, FED.R. BANKR.P. 5005 and Local Rule 1070-1. This application is a core proceeding. The petition commencing this case under Chapter 7 of title 11 United States Code was filed and is now pending in this court.

3. This application arises under the Bankruptcy Court's En Banc Order filed September 12, 2022, and the Court's ruling in *In re Donnoe* (25-30447). This motion is filed under FED.R.BANKR.P. 9014. The Debtor requests relief with respect to the voluntary payment of attorney fees.

4. The Attorney conducted a bankruptcy consultation with Tracy Ashcroft ("Debtor") to make the determination if bankruptcy is in the Debtor's best interests.

5. Upon the determination that a chapter 7 would be best for the Debtor, the Attorney quoted a flat fee for the case and explained the different payment methods (payment in full, 3rd party guaranty, and voluntary pay) that the Debtor could use to pay for said services. The fee remained the same regardless of the method the Debtor chose to pay.

6. The Debtor paid the filing fees prior to the filing and chose to pay the remainder of the fees via a 3rd party guarantor. See Exhibit 1 attached hereto.

7. The Attorney performed the required work as directed under the retainer, prepared the case, and filed the Debtor's bankruptcy case. The Attorney continues to represent the Debtor.

8. If oral testimony is necessary as to relevant facts, the Debtor shall testify at the hearing.

WHEREFORE, the Attorney moves the Court for its order approving the debtor paying the post-petition fees voluntarily and for any other relief the Court deems just and proper.

**Dated: April 28, 2026**

**s/ *Jeffrey J. Bursell***

Jeffrey J. Bursell     #0293362
SOLVENT PLLC
2223 5TH St.
P.O. Box 10860
St. Paul, MN 55110-3024
651.374.8881
jeff@solventlaw.com



**EXHIBIT 1**

## BANKRUPTCY RETAINER AGREEMENT

Solvent PLLC ("Firm") has agreed to represent you in a chapter 7 bankruptcy case. Please review the entire agreement carefully. If you have any questions, you can contact Jeffrey Bursell at 651.247.1973 or by email at jeff@solventlaw.com. By signing below, you are agreeing to the following terms and conditions:

**1.      The Client.** For purposes of this retainer, the Firm's only clients (the "Client") will be:

_____Tracy Ashcroft_____

In this retainer, the Firm will not be representing any other person or entity. This retainer is for professional legal services, and not for the provision of business, personal, accounting, technical or other advice not constituting legal services.

**2.      Scope of Representation.**   The Firm will represent the Client in and with a chapter 7 bankruptcy filing. In return for the disclosed fee in paragraph 4 below, the Firm agrees to provide the following services:

- Analysis of the Client's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
- Preparation and filing of any petition, schedules, and statements of affairs which may be required;
- Representation of the Client at the meeting of creditors and any adjourned hearings thereof;
- Representation of the Client in contested bankruptcy matters; and
- Other services reasonably necessary to represent the Client.

In addition, the Firm contemplates that chapter 7 bankruptcy work will include the items listed in the Notice of Responsibilities attached hereto as **Exhibit A.** This retainer does not include any adversary proceedings, appeals, judgment removal, corrections to credit reports, or any other matter not expressly agreed to by the Firm. A separate retainer will be necessary if additional services are requested.

**3.      Fees.**  The Client has agreed to pay the Firm a flat fee of $ 1,875.00  (the "Fee"). Client agrees to provide a third-party guarantor ("Guarantor") acceptable to the Firm to guaranty Client's payments to the Firm for the fee for the services listed above. The Firm will not charge interest or late fees for the third-party guaranty. The Guarantor will be obligated to make payments to the Firm pursuant to the third-party guaranty agreement for this purpose. The Guarantor will not become a client of the Firm by virtue of agreeing to guarantee payments for the Client and the Firm will not disclose the Client's privileged or confidential information to the Guarantor. However, Client hereby authorizes the Firm to communicate with the Guarantor and to disclose limited information regarding the representation for the purposes of obtaining payments pursuant to the guaranty.

Client understands that attorney fees are a debt that is dischargeable in bankruptcy. Notwithstanding that the attorney fees charged in this case are dischargeable to the Client, the Client may desire to make voluntary payments on the attorney fees. The Client understands that the remaining balance **WILL BE DISCHARGED** in the case and is under **NO LEGAL OBLIGATION** to pay the fees. Client wants the Firm to contact Client (via phone, text, or email) monthly so the payments can be made. Firm understands that the debt is subject specific bankruptcy provisions that protect the Client from various forms of collection and/or contract enforcement.

Notwithstanding anything to the contrary herein, nothing will be filed for or on behalf of Client with any court unless and until a minimum of $338 (the "Minimum Amount") is received by the Firm. The Minimum Amount will be held in a trust account and used to pay the filing fee upon filing a bankruptcy petition. Client understands that any portion of the Fee for the services listed above that remains unpaid as of the date Client's bankruptcy case is filed will, due to the bankruptcy discharge, no longer be the legal obligation of the Client. The bankruptcy discharge does not affect the liability of the Guarantor to the Firm.

If the representation is terminated prior to the conclusion of the representation, Client may be entitled to a refund of all, or a portion of the fees paid prior to the termination. To the extent a refund is necessary, the Firm uses an hourly billing rate that is set and adjusted from time to time based on his or her experience and expertise and the matter being handled. Current hourly billing rates: Jeffrey Bursell = $400, Paralegal = $225.

**4**.      **Beginning the Relationship.** The Client's engagement of the Firm will not begin until (a) the Firm and Client agree to move forward with bankruptcy or (b) the Client returns a signed copy of this retainer to the Firm. An attorney-client relationship will not exist between the Firm and the Client until either of these things happen.

**5.**      **Attorney – Client Privilege.** The Client's communications with the Firm are protected by the attorney-client privilege. The privilege will not apply, however, if the Client does not keep those communications strictly confidential.  The Client should never discuss any of its communications with the Firm that are confidential, with anyone outside of the Firm, unless doing so after conferring with the Firm or another lawyer who represents the Client about such confidentiality.

In connection with preparing the petition, schedules, and statement of financial affairs, the Firm may pull a public record search for the purpose of supplementing the information provided to the Firm by the Client. Additionally, the Firm reserves the right to assign an attorney to represent the Client at any hearing or court appearance including attorneys not employed by the Firm.

**6.**      **Results.** At the commencement or during our representation, we may express opinions or beliefs concerning various issues or courses of action and the results that might be anticipated. Any such statement made by any member or employee of our Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed as a promise or guarantee.

**7.**      **Electronic Communications.** We may use various forms of electronic communication to discuss matters concerning your representation or other communication. Any such communication is not without some risk. However, you approve the use of electronic communications during your representation by us, and after, unless we are instructed otherwise. Client agrees that the Firm may make calls, send text messages, or email you at any telephone number or email address associated with your account, including wireless telephone numbers that could result in charges to you. The calls, texts, or e-mail messages made to you may include the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. Consent may be revoked at any time and by any reasonable means including by email.

**8.**      **Entire Agreement.** This agreement constitutes the entire agreement between us. This agreement will not be modified or supplemented, except in a subsequent writing signed by the parties.

**9.      Failure to Receive a Discharge.** Client understands that they will not receive a discharge and the Firm is not responsible for the Client's failure to:

- Complete a Debtor Education course
- Cooperate with the trustee, US Trustee, or the bankruptcy court
- Appear at the 341 Meeting of Creditors or other required hearings

**10.      Ending the Relationship.** The Firm will represent the Client until the completion of the case, the Client terminates the Firm's representation by written notice to the Firm, or the Firm determines that continuing to represent the Client would be an ethical breach or conflict of interest and properly withdraws from representation by obtaining court approval.

Client understands that making a deliberate misstatement in connection with their bankruptcy case could subject them to severe criminal penalties as well as loss of a bankruptcy discharge.  If at any time the Firm determines that Client has concealed any asset, liability, source of income or other material fact, Firm may, in its sole discretion, determine that it must file a motion with the Court to withdraw from the representation of the Client. Withdrawal is regulated by Local Bankruptcy Rules 9010-3(g)(4), which requires:

> Until a substitution of attorney is filed, or an order is entered allowing the original attorney to withdraw, the original attorney is the client's attorney of record, and the original attorney shall represent the attorney's client in bringing and defending all matters or proceedings in the bankruptcy case other than adversary proceedings in which the original attorney has not yet made an appearance.  Failure to receive advance payment or guarantee of attorney's fees is not grounds for failure to comply with this subsection.

Unless we are re-engaged after our representation terminates, we will have no continuing obligation to advise the Client with respect to future legal developments or otherwise monitor renewal, notice, or similar deadlines that may arise from the matter(s) for which we had been engaged.

**11.      File Retention.** After our representation has ended, we will, upon your request, deliver the file for this engagement to you. The return of the Client's files will not include the Firm's internal files, records and working papers all of which will be retained by the Firm and may be destroyed by the Firm at its discretion. We will retain an electronic copy of your file for a period of six years after the matter is closed but the firm may, at our discretion, destroy it without further notice to you, subject to the governing rules of professional conduct. At any point during the six-year period, you may request delivery of the file.

**12.      Client Disbursements.** Most matters require, from time to time, certain monetary advances to be made on your behalf by the Firm. Some "client disbursements" represent out-of-pocket charges we advance, others represent internal costs (such as fees for service of process, postage charges, court filing fees, deliveries, charges for legal research, copying charges, travel expenses, etc.). It is understood that while acting as your lawyers, we have the authority to use our best judgment in making such expenditures on your behalf.

**13.      Credit Cards.** Client acknowledges that the Firm is not allowed to accept a credit card payment for attorney's fees from a client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding.

**14.** **Simultaneous Representation.** Client agrees that, in joint cases, the Firm may represent them jointly as a married couple in connection with the filing of their bankruptcy. The clients agree and have determined that it is in their individual and mutual interest to have a single law firm represent them jointly. This document confirms that both jointly represented clients agree to waive any conflict of interest arising out of our representation of each other in the matter described in this document. It is further understood and agreed that the Firm must freely convey necessary information provided to us by one client to the other and cannot withhold information from either party. If at any time, it becomes apparent there is a conflict and the Firm is unable to represent each party equally, the Firm reserves the right to withdraw from representation so that each individual can consult with their own individual attorney.

**15.** **Questions.** One of our goals is to ensure that legal services are delivered effectively and efficiently. Please direct any questions about services to Jeffrey Bursell.

**THE CLIENT ACCEPTS THE TERMS OF THIS RETAINER:**

Date: 04/24/2026

_Tracy Ashcroft_
_____
CLIENT

_Jeffrey Bursell_
_____
SOLVENT PLLC

**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**
**NOTICE OF RESPONSIBILITIES OF CHAPTER 7 DEBTORS AND THEIR ATTORNEYS**

This Notice lists certain responsibilities of debtors and their attorneys. Nothing in this document changes, limits, or in any way alters the debtor's or the debtor's attorney's obligations under the Bankruptcy Code, the local and national rules, or any rule of professional responsibility.

UNLESS THE COURT ORDERS OTHERWISE:

Before the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Meet with the debtor to review and analyze the debtor's real and personal property, debts, income, and expenses and advise the debtor on whether to file a bankruptcy petition;
- Explain the various bankruptcy and non-bankruptcy options, the consequences of filing under chapters 7, 11 or 13 and answer the debtor's questions;
- Explain to the debtor how the attorney's fees are paid;
- Advise the debtor of the requirement to provide to the trustee the most recently- filed tax return(s) at least seven days prior to the scheduled meeting of creditors. In addition, advise the debtor of the requirement to attend the meeting of creditors and identify the documents the debtor must bring to the meeting;
- Advise the debtor that providing false information in the bankruptcy schedules or false testimony at the meeting of creditors or other hearing or trial may expose the debtor to criminal prosecution and denial of discharge;
- Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases;
- Timely prepare and file the debtor's petition, schedules, statements, certificates, and other documents required to commence a case, and review them for accuracy contemporaneously with the filing.

After the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Ensure that the debtor is adequately represented by an attorney at the meeting of creditors;
- Prepare, file, and serve any necessary amendments to the petition, schedules, and statements;
- Promptly respond to the debtor's questions throughout the case;
- Consider and advise the debtor concerning the debtor's options to buy, sell or refinance real or personal property and assume or reject executory contracts or unexpired leases;
- Prepare and file a proof of claim for a creditor when appropriate to protect the debtor's interest;
- Fully advise the debtor of the legal effect and consequences of proposed reaffirmation agreements and any defaults thereunder and, where appropriate, negotiate alternate terms with secured creditors, ensure that any agreement is fully and properly completed and filed and appear at any hearing, if required;
- Advise the debtor in motions for relief from the automatic stay, file objections when appropriate, and appear, when required, at any hearing;
- Prepare, file, and serve responses to motions for dismissal of the case;
- Advise the debtor of the requirement to complete an instructional course in personal financial management and the consequences of not doing so;
- Represent the debtor in connection with any audit request; and
- Represent the debtor in bringing and defending any and all other matters or proceedings in the bankruptcy case as necessary for the proper administration of the case.
- The attorney shall comply with Local Rule 9010-3 and represent the debtor in bringing and defending all matters in the bankruptcy case until a substitution of attorney is filed or an order is entered allowing the attorney to withdraw.

Unless otherwise agreed, the attorney has no responsibility to represent the debtor in adversary proceedings. However, if an adversary proceeding is filed against the debtor, the attorney will explain to the debtor the estimated cost of providing representation in the adversary proceeding, the risks and consequences of an adverse judgment, and the risks and consequences of proceeding without counsel, as well as the sources, if any, of possible pro bono representation.

Before the case is filed, the chapter 7 debtor shall:

- Fully disclose, review and analyze with the attorney the debtor's real and personal property, all debts, income, expenses and all other financial information needed to properly complete the schedules and statements;
- Prior to and throughout the case respond promptly to all communications from the attorney;

Prior to and throughout the case, timely provide the attorney with full and accurate financial and other information and documentation the attorney requests, INCLUDING BUT NOT LIMITED TO:

- A Certificate of Credit Counseling and any debt repayment plan;
- Proof of income received from all sources in the six-month period preceding filing, including pay stubs, social security statements, workers' compensation payments, income from rental property, pensions, disability payments, child and spousal support, and income from self-employment;
- The most recently filed federal and state income tax returns, or transcripts of returns, as well as any other returns requested by the attorney, the trustee, the court, or a party in interest;
- A government-issued photo identification and proof of social security number, such as a social security card or W-2;
- A record of interest, if any, in an educational individual retirement account or a qualified state tuition program;
- The name, address, and telephone number of any person or state agency to whom the debtor owes back child or spousal support or makes current child or spousal support payments, and any and all supporting court orders, declarations of voluntary support payments, separation agreements, divorce decrees, or property settlement agreements;
- Any insurance policies requested by the attorney;
- Vehicle titles for all cars, trucks, motorcycles, boats, ATVs, and other vehicles titled in the debtor's name;
- Legal descriptions for all real property, wherever located, owned by the debtor or titled in the debtor's name, or in which the debtor has any interest whatsoever, including but not limited to, a timeshare, remainder interest, or life estate;
- Documents relating to any inheritance to which the debtor is entitled or may be entitled;
- Information relating to any foreclosures, repossessions, seizures, wage garnishments, liens, or levies on assets which occurred in the preceding 12 months or continues after the filing of the case;
- Information and documents relating to any prior bankruptcies filed by the debtor(s) or any related entity;
- Any changes in income or financial condition, such as job loss, illness, injury, inheritance, or lottery winnings before or during the case;
- Information and documents relating to any lawsuits in which the debtor is involved before or during the case or claims the debtor has or may have against third parties;
- Information relating to any seizure of tax refunds by the IRS or Department of Revenue;
- All information or documentation needed to respond to any motion or objection in the bankruptcy case;
- Any tax returns, account statements, pay stubs, or other documentation necessary to timely comply with requests made by the United States Trustee or the Chapter 7 Trustee or any audit requests.
- Cooperate with the attorney in preparing, reviewing, and signing the petition, schedules, statements, and all other documents required for filing a bankruptcy case.

After the case is filed, the chapter 7 debtor shall:

- Timely and promptly comply with all applicable bankruptcy rules and procedures;
- Appear punctually at the meeting of creditors with recent proof of income, a government-issued photo identification card, proof of social security number, and copies of all financial account statements covering the date the bankruptcy petition was filed;
- Contact the attorney before buying, refinancing, or contracting to sell real property and before entering into any loan agreement until the debtor receives a discharge;
- Keep the court, the trustee, and the attorney informed of the debtor's current address and telephone number; and
- Complete an approved debtor education course and provide the certificate of attendance to the attorney for filing.

The chapter 7 debtor's attorney shall, both before and after the case is filed, comply with all applicable professional and ethical rules and shall exercise civility in dealings with all entities with which the attorney comes in contact. The attorney shall also advise the chapter 7 debtor to likewise act in a civil and courteous manner, to dress in a manner appropriate for a federal proceeding and debtors shall do so.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bky No. 25-60452 |
| Tracy Ashcroft, | Chapter 7 |
| Debtor. | |

**UNSWORN CERTIFICATE OF SERVICE**

I, Kyleigh Stanek, employed by Solvent PLLC, attorneys licensed to practice law in this Court, with office address of 2223 5th Street, P.O. Box 10860, St. Paul, Minnesota 55110-3024, declare that on April 28, 2026, I served the Application to Approve Voluntary Payment of Attorney Fees to each of the entities named below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

United States Trustee
Panel Trustee

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April 28, 2026

Signed: s/ Kyleigh Stanek

Paralegal

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bky No. 25-60452 |
| Tracy Ashcroft, | Chapter 7 |
| Debtor. | |

**ORDER**

This matter came before the Court on the application to approve the voluntary payment of attorney fees.

Upon the foregoing record:

**IT IS HEREBY ORDERED:**

1.  The court has reviewed the voluntary payment agreement. No action to be taken at this time.

Dated: _____     _____
                                                    U.S. Bankruptcy Judge